996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry Wayne WHITE, Petitioner-Appellant,
v.
Mark McKINNA, Superintendent, Fremont Correctional Facility;
and Gale A. Norton, Attorney General of the State
of Colorado, Respondents-Appellees.
 Nos. 92-1319, 92-1333.
 United States Court of Appeals, Tenth Circuit.
 June 9, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 The State Parole Board of Colorado found beyond a reasonable doubt that Petitioner violated his parole by committing second degree forgery. It revoked his parole and returned him to prison under a prior rape conviction. Petitioner brought this habeas corpus action, presenting a long list of alleged violations of his constitutional rights. The district court denied relief. We affirm.
 
 
 3
 Petitioner first claims that the district court erred in refusing to appoint counsel to represent Petitioner. The appointment of counsel in habeas corpus actions is left to the discretion of the trial court. We find no abuse of discretion.
 
 
 4
 Petitioner argues that the district court erred in refusing to expand the state court record or conduct an evidentiary hearing. We have reviewed Petitioner's motions to expand the record for an evidentiary hearing. We conclude that the district court was well within its discretion in deciding the case on the record before it.
 
 
 5
 Petitioner argues that the district court erred in finding that the finding of a parole violation was supported by sufficient evidence. We have reviewed the transcript of the parole violation hearing and conclude that a reasonable fact finder could have found Petitioner guilty beyond a reasonable doubt.
 
 
 6
 Petitioner argues that the subsequent dismissal, without prejudice, of the state criminal charges arising out of the same incident necessarily voids his parole revocation. However, the decision of the state prosecutor not to press criminal charges is in no way inconsistent with proof of a parole violation arising out of the same incident. A prosecutor is entitled to decide that the matter has been adequately addressed, and that further proceedings would be a waste of government resources. We find no error.
 
 
 7
 Petitioner strenuously urges that the prosecution was incorrect when it stated in one of its responses before the district court that at one point Petitioner had agreed to plead guilty to the parole violation. This factual dispute, however, was not material to the disposition of this case in the district court. Further, while the district court stated that "it appear[ed]" that Petitioner had agreed to plead guilty, this does not constitute a formal finding of fact. We find no error.
 
 
 8
 Petitioner argues that the district court erred in failing to address his claim that his rights under the Colorado constitution were violated. We disagree with Petitioner's claim that these rights are so interwoven with federal law as to be cognizable in a federal habeas corpus proceeding. We find no error.
 
 
 9
 We have reviewed Petitioner's further claims of error in his initial brief and find that they are without merit.
 
 
 10
 In an addendum to his brief, Petitioner presents new issues. First he claims that he is entitled to relief because of various procedural defaults by the prosecution and by the state courts. We find no grounds for reversal in these arguments.
 
 
 11
 Next, Petitioner claims that his equal protection rights were violated by the failure of the state courts to provide him with transcripts of certain post-conviction proceedings. We have searched the record in this case for evidence that this argument was presented to the district court. We can find no mention of this argument. We decline to address this argument for the first time on appeal.
 
 
 12
 Petitioner also presents the broad argument that the proceedings in the state courts lacked fundamental fairness. This argument is without merit.
 
 
 13
 Finally, Petitioner argues anew that the district court committed a wide variety of procedural errors. We have reviewed each of these contentions and find them to be without merit.
 
 
 14
 The judgment is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3